IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00241-MR

DAVID LYNN ANDERSON,           )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
FNU BAKER, et al.,             )           **ORDER**
                               )
            Defendants.        )
_____ )

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1], and on a partial Complaint form, Letter, and attachments that were docketed as a Motion to Amend [Doc. 7]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred while he was a pretrial detainee at the Rutherford County Jail (RCJ).[1] He names as Defendants in

---

[1] The Plaintiff is now serving a sentence of imprisonment in the North Carolina Department of Adult Corrections (NCDAC). See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0741921&searchOffenderId=0741921&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed March 17, 2023); Fed. R. Ev. 201. The RCJ is a division of the Rutherford County Sheriff's Office. See https://www.rutherfordcountync.gov/departments/sheriff/index.php (last accessed March 17, 2023); Fed. R. Evid. 201.

their official capacities: FNU Baker, a correctional officer at RCJ; and FNU Sprouse, a correctional sergeant at RCJ. He claims that, on September 7, 2022, the following events transpired:

> Officer Baker threw a hard plastic food tray at me in the pod. And then he was pushed out the pod door and officer Baker came back in the pod and picked up another tray and threw it at the food slot where my face was hitting me in the face. Sgt. Sprouse was in the pod at the time. Sgt. Sprouse never tried to stop Officer Baker or order him to stop. But just let it happen.

[Doc. 1 at 2]. For injury, the Plaintiff claims that he was hit in the face, but did not sustain a serious injury; that he fears this could happen again; and that he is stressed when "he" works on the pod. [Id.]. The Plaintiff seeks injunctive relief[2] and damages. [Id. at 6].

The Plaintiff subsequently refiled the first two pages of the Complaint form in which he changes Defendant Baker to "Barker," as well as other attachments, including a Letter addressing various issues including a request for the Court to correct this Defendant's name. [Doc. 7].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[2] The Plaintiff seeks Defendant Baker's termination and Defendant Sprouse's demotion. [Doc. 1 at 6]. However, such relief is not available in this § 1983 action. See Van Houten v. Gaskill, 2006 WL 749410 (D.Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court).

2

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

3

Here, the Plaintiff purports to sue the Defendants only in their official capacities. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of the Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

Here, the Defendants are alleged to be employees of the RCJ. However, the Plaintiff does not identify any policy or custom of the Rutherford County Sheriff's Office that played a part in the alleged violation of the Plaintiff's rights. His claims are, therefore, dismissed without prejudice.

As for the Letter and its attachments [Doc. 7], the relief that the Plaintiff seeks is denied. The Plaintiff was informed at the outset of this litigation that "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Doc. 3 at 2]. Accordingly, the Clerk will be instructed to terminate the Letter. Moreover, to the extent that the Plaintiff seeks to amend his Complaint, piecemeal amendment will not be allowed. The Plaintiff may change the Defendants' names and otherwise amend the Complaint by filing a superseding Amended Complaint that complies with all applicable procedural rules and this Court's Orders. <u>See generally</u> Fed. R. Civ. P. 15; [Doc. 3]. The Plaintiff is cautioned that any future filings that do not comply with the procedural rules and this Court's Orders and may be stricken without further notice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede Plaintiff's prior filings. Piecemeal amendment will not be permitted. Should

5

Case 1:22-cv-00241-MR   Document 12   Filed 04/26/23   Page 5 of 6

Plaintiff fail to timely amend in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to file a superseding Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to terminate Docket Entry 7, and to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge

6

Case 1:22-cv-00241-MR   Document 12   Filed 04/26/23   Page 6 of 6