IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00241-MR

| DAVID LYNN ANDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| FNU BARKER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the Plaintiff's Letter [Doc. 27] that is liberally construed as a Motion to set aside the Clerk's Entry of Default.[1] Also pending is Plaintiff's Motion for Appointment of Counsel [Doc. 24].

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Rutherford County Jail. [Doc. 1]. The Second Amended Complaint passed initial review against Defendant Barker for the use of excessive force. [Docs. 15, 16]. Defendant Barker answered and asserted a Counterclaim for battery against the

---

[1] The Plaintiff is reminded that, if he is seeking relief from the Court, he must do so in a motion. [See Doc. 3 (Order of Instructions)]. Any future requests that are not properly presented in a motion will not receive a response from the Court and may be stricken.

Plaintiff. [Doc. 20]. The Plaintiff failed to timely answer or otherwise respond to the Counterclaim, and the Defendant filed a Motion for Entry of Default on November 21, 2023. [Docs. 18, 22]. The Clerk entered a Default in the Court's record on December 1, 2023. [Doc. 26].

On December 4, 2023, the Clerk docketed a Letter from Plaintiff that is dated November 30, 2023. [Doc. 27]. The Plaintiff states that he was never served with the Defendant's Counterclaim, and that default should not be entered against him.

The Court hereby notifies the Defendant that the Letter [Doc. 27] will be liberally construed as a Motion to set aside the Clerk's Entry of Default. The Defendant may file a Response within 14 days, explaining why the Clerk's Default should not be set aside. The Plaintiff may file a Reply within 14 days of the Defendant's filing of the Response.

The Plaintiff also seeks the appointment of counsel. [Doc. 24]. He explains that he is proceeding in forma pauperis and is unable to afford counsel; that his imprisonment will greatly limit his ability to litigate this case; that the issues are complex and will require significant research and investigation; that the Plaintiff has limited access to the law library and limited knowledge of the law; that the Plaintiff's ability to read "isn't very good" and he has a hard time understanding "these Motion and what the Court want

2

me to do…"; that a trial will likely involve conflicting evidence that would be better presented by counsel; and that the Plaintiff has made repeated efforts to obtain a lawyer. [Doc. 24 at 1-2] (errors uncorrected).

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and therefore this Motion will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Letter [Doc. 27] is construed as a Motion to set aside the Clerk's Entry of Default.
2. The Defendant may file a Response within 14 days, explaining why the Clerk's Entry of Default [Doc. 26] should not be set aside.
3. The Plaintiff may file a Reply within 14 days of the filing of Defendant's Response.
4. Plaintiff's Motion for Appointment of Counsel [Doc. 24] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge