IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00241-MR

| | |
|---|---|
| DAVID LYNN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU BARKER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Letter, which is liberally construed as a Motion to set aside the Clerk's Entry of Default [Doc. 27].

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Rutherford County Jail. [Doc. 1]. The Second Amended Complaint passed initial review against Defendant Barker for the use of excessive force. [Docs. 15, 16]. Defendant Barker answered and asserted a Counterclaim for battery against the Plaintiff. [Docs. 18, 20]. The Plaintiff failed to timely answer or otherwise respond to the Counterclaim, and the Defendant filed a Motion for Entry of Default on November 21, 2023. [Doc. 22]. The Clerk entered a Default in the Court's record on December 1, 2023. [Doc. 26].

On December 4, 2023, the Clerk docketed a Letter from Plaintiff in which he claims that he was never served with the Defendant's Counterclaim, and that default should not be entered against him. [Doc. 28]. On January 16, 2024, the Court notified the Defendant that it would construe the Letter as a Motion to set aside the Clerk's Entry of Default, and granted the Defendant 14 days to explain why the Default should not be set aside. [Id.]. The Defendant has now filed a Response stating that he does not object to the Plaintiff's request to set aside the Clerk's Entry of Default.[1] [Doc. 29].

In light of the Defendant's Response, the Clerk will be instructed to set aside the Default [Doc. 26]. The Plaintiff shall have 14 days from the date of this Order to answer or otherwise respond to the Defendant's Counterclaim. [Doc. 18].

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Letter [Doc. 27], which is construed as a Motion to set aside the Clerk's Entry of Default, is **GRANTED**.

2. The Clerk is instructed to **SET ASIDE** the Entry of Default [Doc. 26].

---

[1] Because the Defendant has not objected to the Plaintiff's request to set aside the Default, the Plaintiff need not file a reply. [See Doc. 28 (Order granting Plaintiff 14 days to reply to the Defendant's Response)].

3. The Plaintiff shall answer or otherwise respond to the Defendant's Counterclaim [Doc. 18] within **fourteen (14) days** of this Order.

**IT IS SO ORDERED**.

Signed: January 22, 2024

Martin Reidinger
Chief United States District Judge