IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00241-MR

| | |
|---|---|
| DAVID LYNN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN BARKER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion for Appointment of Counsel [Doc. 46], Motion for Deposition [Doc. 47], Motion to Subpoena Documents [Doc. 48], Motion for Extension of Time [Doc. 53], and Motion for an Order Compelling Discovery [Doc. 55].

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was a pretrial detainee at the Rutherford County Jail ("RCJ").[1] The Second Amended Complaint passed initial review for the use of excessive force against Defendant Barker, a correctional officer at RCJ. [See Docs. 15, 16]. Defendant Barker has asserted a counterclaim for battery. [See Doc. 18]. On February 7, 2024, the

---

[1] The Plaintiff is presently incarcerated in the North Carolina Department of Adult Corrections.

Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as June 5, 2024, and making dispositive motions due by July 8, 2024. [Doc. 34].

The Plaintiff asks the Court to appoint counsel to represent him, arguing that he is unable to afford counsel and is proceeding in forma pauperis; that his imprisonment will greatly limit his ability to litigate the case; that the issues involved in the case are complex and will require significant research and investigation; that the Plaintiff has limited access to the law library and limited knowledge of the law; that the Plaintiff does not understand the Order that the Court issued admonishing him; that the Plaintiff needs assistance with discovery; that the Plaintiff does not read well; that the Plaintiff is basing this Motion on a jailhouse law book; that a trial will likely involve conflicting testimony; that counsel would be better able to present the evidence and cross-examine witnesses; and that the Plaintiff has made repeated efforts to obtain a lawyer. [Doc. 46].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional

circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lack[s] the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

The Plaintiff's claim for the use of excessive force by Defendant Barker has passed initial review, and the Defendant has asserted a counterclaim for battery against the Plaintiff for the same incident. These straightforward claims do not require specialized legal expertise or any other particular skill to present or prosecute. The Plaintiff's refusal to comply with the Court's Orders, which resulted in the Court admonishing the Plaintiff to do so, does not demonstrate the existence of exceptional circumstances. [See Doc. 45

3

Case 1:22-cv-00241-MR   Document 60   Filed 09/25/24   Page 3 of 7

(reminding that the Plaintiff must seek relief from the Court by filing a "Motion" and striking improper letters)]. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel, and his Motion is denied.

On June 7, 2024,[2] the Plaintiff filed the instant Motion for Deposition and Motion to Subpoena for Documents. [Docs. 47, 48]. He seeks to depose (via Zoom) Defendant Barker; Officers Smith, Parrish, and Sprouse; and the unidentified officer who worked in the control booth on September 7, 2022 at the time of the incident. He argues that he needs to conduct these depositions because the interrogatories were not fully answered, and because depositions will help his case. He also seeks to subpoena Rutherford County for records including incident reports, use of force reports, medical records, photographs, and video footage of the incident.

On August 19, 2024,[3] the Plaintiff filed a Motion for an Order Compelling Discovery. [Doc. 55]. He asks the Court to compel "the Defendants" who failed to answer his interrogatories to do so, or for an order

---

[2] The Motion is dated June 6, 2024. However, the postmark date is used here because the Plaintiff failed to certify the date upon which he placed his Motion in the prison's mail system.

[3] The Motion is dated August 10, 2024.

compelling the production of discovery that is listed in his Motions seeking depositions and the subpoena of documents. [Id. at 1].

The Plaintiff does not certify that he attempted in good faith to resolve these discovery disputes before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motions. See Fed. R. Civ. P. 37(a)(1); LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). As for his requests for subpoenas and to take depositions, the Plaintiff has also failed to indicate that he has the ability to pay the costs associated with these requests. United States v. MacCollom, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"). Further, the Plaintiff's Motions were filed well after the passing of the discovery deadline, and the Plaintiff has failed to demonstrate good cause for reopening discovery. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in

5

which it orders the course and scope of discovery"). Moreover, it appears that Defendant Barker has responded to the Plaintiff's discovery requests and that some of the material the Plaintiff seeks, such as video footage, does not exist. For all of these reasons, the Plaintiff's discovery motions are denied.

Also pending is the Plaintiff's Motion for Extension, by which he seeks additional time to respond to the Defendant's Motion for Summary Judgment. [Doc. 53]. The Defendant does not object to the Plaintiff's request. [Doc. 54]. The Motion will be granted and the Plaintiff may respond to the Defendant's Motion for Summary Judgment within 30 days of this Order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Appointment of Counsel [Doc. 46], Motion for Deposition [Doc. 47], Motion to Subpoena Documents [Doc. 48], and Motion for an Order Compelling Discovery [Doc. 55] are **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Extension of Time [Doc. 53] is **GRANTED**, and the Plaintiff may file a response to the Defendant's Motion for Summary Judgment [Doc. 49] within **thirty (30) days** of this Order.

6

Case 1:22-cv-00241-MR   Document 60   Filed 09/25/24   Page 6 of 7

**IT IS SO ORDERED.**
Signed: September 25, 2024

Martin Reidinger
Chief United States District Judge