IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00241-MR

| | |
|---|---|
| DAVID LYNN ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN BARKER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Withdraw Complaint" [Doc. 61] and on the parties' Motions for Summary Judgment [Docs. 49, 56].

The pro se Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was a pretrial detainee at the Rutherford County Jail ("RCJ").[1] The Second Amended Complaint passed initial review against Defendant John Barker for the use of excessive force. [Docs. 15, 16]. Defendant Barker asserted a Counterclaim against the Plaintiff for battery. [Doc. 18].

---

[1] The Plaintiff is now an inmate of the North Carolina Department of Adult Corrections ("NCDAC") at the Foothills Correctional Institution.

The Defendant filed a Motion for Summary Judgment in which he argues that his use of force was reasonable and that he is protected by qualified immunity. [Doc. 49]. He stipulates to the dismissal of his counterclaim should the Court grant summary judgment on the excessive force claim. [Doc. 50 at 1]. On July 30, 2024, the Court issued a <u>Roseboro</u>[2] Order advising the Plaintiff of his rights and duties in responding to the Defendant's Motion for Summary Judgment. [Doc. 52]. The Plaintiff then filed his own Motion for Summary Judgment [Doc. 56; <u>see also</u> Doc. 58: Defendant's MSJ Response], and he was granted an extension of time in which to respond to the Defendant's Motion [Doc. 60]. Rather than responding, the Plaintiff filed a "Motion to Withdraw Complaint" in which he asks the Court to dismiss his excessive force claim without prejudice so that he can file a tort claim because "the evidence points to negligence not excessive force." [Doc. 61 at 1]. The Defendant has not responded, and the time to do so has expired.

After the adverse party has served an answer or a motion for summary judgment, Rule 41(a)(2) allows for an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "to allow voluntary

---

[2] <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179 (citing Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

Upon considering the record in this case and the relevant factors, the Court finds that a voluntary dismissal is appropriate. Although this case has been pending for two years and dispositive motions have been filed, it appears that the pro se Plaintiff is attempting to act in good faith by pursuing a North Carolina negligence claim rather than by continuing to assert a § 1983 claim that is not supported by the evidence. As previously noted, the Defendant has not opposed the Plaintiff's request for dismissal without prejudice. The Court finds that dismissing this action without prejudice would not substantially prejudice the Defendant and that doing so serves the interests of justice and judicial economy. Accordingly, the Plaintiff's request to voluntarily dismiss the excessive force claim without prejudice is granted.

3

Case 1:22-cv-00241-MR    Document 62    Filed 11/18/24    Page 3 of 4

Because the Plaintiff's § 1983 claim is being dismissed, the Court declines to exercise supplemental jurisdiction over the Defendant's counterclaim. See 28 U.S.C. § 1367(c)(3); see also Fed. R. Civ. P. 41(a)(2) (even when a defendant objects, a court may dismiss a counterclaim if the counterclaim can remain pending for independent adjudication).

The pending Motions for Summary Judgment are denied as moot.

**IT IS THEREFORE ORDERED** that the Plaintiff's "Motion to Withdraw Complaint" [Doc. 61] is construed as a Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) and is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint [Doc. 13] is **DISMISSED WITHOUT PREJUDICE**, and the Court declines supplemental jurisdiction over the Defendant's counterclaim.

**IT IS FURTHER ORDERED** that the parties' Motions for Summary Judgment [Docs. 49, 56] are **DENIED AS MOOT**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: November 15, 2024

Martin Reidinger
Chief United States District Judge